PHILIP A. LEVY, ESQ. [SBN 144445]
LAW OFFICE OF PHILIP A. LEVY
A Professional Corporation
32 TALL HEDGE
IRVINE, CALIFORNIA 92603
TEL: (949) 861-4114; FAX: (949) 861-4966

Attorney for Plaintiff, Vision One Mortgage, Inc.

FILED
APR - 5 2010
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY ___ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | CASE NO. : 8:10-BK-10377 |
| LANCE BOGGS | CHAPTER : 7 |
| Debtor, | Adv. Proc. No.: |
| VISION ONE MORTAGE, INC., | |
| Plaintiff, | **COMPLAINT** |
| vs. | **FOR NON-DISCHARGEABILITY OF DEBT [11 U.S.C. § 523(a)(2)(A)** |
| LANCE BOGGS | |
| Defendants. | |

COMPLAINT FOR NON-DISCHARGEABILITY

Plaintiff, Vision One Mortgage, Inc. ("Vision") brings this action against Lance Boggs to determine the non-dischargeability of debt pursuant to 11 U.S.C. § 523(a)(2)(A) and in support thereof alleges as follows:

## I.

## STATEMENT OF FACTS

1. Michael Cordas, is a former vice president of Wells Fargo Bank, real estate investor and developer of residential real properties in Corona del Mar and Newport Coast California, who, in consort with his wife, Cathy Cordas, repeatedly and intentional defrauded plaintiff.

2. On or about October 29, 2007, Michael and Cathy Cordas made a Promissory Note in favor of Vision for a $200,000.00 bridge loan secured by deeds of trust on a residential property located at 421 Heliotrope, Corona del Mar, owned by Cathy Cordas, (the "Heliotrope Property") and 703 Jasmine, Corona del Mar (the "Jasmine Property").

3. Lance Boggs (Boggs) is a real estate sales person licensed by the California Department of Real Estate.

4. On or about November 9, 2007, Cathy Cordas received the sum of $200,000 from Vision One and Cathy Cordas executed a promissory note evidencing the debt and promise to repay, and a deed of trust against the Heliotrope property in favor of Vision One as security for the debt.

5. Cathy Cordas provided Vision with a Uniform Residential Loan Application in which she intentionally misstated material facts in order to induce Vision to make the bridge loan. Among these misrepresentations were:

    a.    Her monthly income was $40,000.00;

    b.    Her then present housing expenses were $9,593.00;

    c.    The Heliotrope Property was her primary residence;

    d.    That she lived at 513 Orchid, Corona del Mar for 2.6 years;

COMPLAINT FOR NON-DISCHARGEABILITY AGAINST LANCE BOGGS

e. That her liquid assets were $1,397,271.00;

f. That she intended to occupy the Heliotrope property as her primary residence;

g. That the information she provided to Vision was true and correct and that Vision could rely on the information she provided in her application.

6. Michael Cordas made a Uniform Residential Loan Application to Vision in which Mr. Cordas represented the following material facts were true:

   a. His monthly income was $94,100.00;

   b. His then present monthly expenses were $22,756.33;

   c. He had liquid assets of $1,984,000.00 including $788,177.99 in his checking account;

   d. That all the information he provided to Vision was true and correct and that Vision could rely on the information he provided in his application.

7. Michael Cordas, on his own behalf and on behalf of Cathy Cordas requested that Vision One, release its security interest in Heliotrope so that the Cordases could obtain a construction loan for the improvement of that property.

8. The Cordases offered Vision a security interest in that certain residential investment property located at 710 Marguerite, Corona del Mar, as temporary security until such time as they would deem it appropriate for Vision to move its security interest concerning its $200,000 loan back to Heliotrope.

9. Michael Cordas made misrepresentations to Vision in order to obtain extensions of the due dates for the Vision $200,000.00 bridge loan. These misrepresentations included the following:

   a. Michael Cordas represented that he expected to receive an amount sufficient to pay off the loan by May 1, 2008, the initial due date for the bridge loan;

   b. Michael Cordas represented that he would receive an amount sufficient o pay off the

COMPLAINT FOR NON-DISCHARGEABILITY AGAINST LANCE BOGGS

      Bridge Loan by August 1, 2008 if Vision would extend the due date of the Bridge Loan until August 1, 2008;

    c.    Michael Cordas and Boggs represented to Vision that the construction loan with Vineyard Bank was in "good standing;"

    d.    Michael Cordas represented that he was engaged in good faith negotiations with Vineyard for an extension of time for repayment of the Vineyard loan upon its maturation;

    e.    Michael Cordas represented that he had received written confirmation from Vineyard Bank that its loan to Michael Cordas was current, and that Vineyard had agreed to extend the maturity date;

    f.    Michael Cordas represented that he would be receiving an amount sufficient to repay the Vision Bridge Loan by November 30, 2008.

10.    Michael and Cathy Cordas made material, written misrepresentations to Vision concerning their financial condition which were false and intended to induce Vision to make the Bridge Loan to the Cordases. The true facts were that Michael and Cathy Cordas's joint annual income for 2006 was $236,000.00, not $1,609,200.00 as represented; that the Cordases never resided in 513 Orchid, Corona del Mar, that Cathy Cordas did not earn $40,000 a month or any amount.

11.    Plaintiff is informed and believes and thereon alleges that at all times mentioned, Boggs had actual knowledge that the loan applications prepared for Cathy Cordas and submitted by Cordas to Vision were false and fraudulent.

12.    Boggs and the Cordases proposed that the Cordases would keep the superior mortgage on Marguerite current in order to protect Vision One's security interest.

13.    Vision stated that based on all the representations of financial condition, that it would extend the maturity date of the Vision Bridge Loan and agree to substituted collateral if Boggs and

COMPLAINT FOR NON-DISCHARGEABILITY AGAINST LANCE BOGGS

3

the Cordases would keep the superior mortgages current. Vision One agreed to release its security interest in Heliotrope and the Cordases gave Vision One a deed of trust in connection with the Marguerite Property. The Cordases failed to stay current on the superior mortgage against Marguerite and that the Cordases failed to make current payments when due on the Vision One Loan. Vision therefore filed a Notice of Default in connection with the Marguerite Property.

14. On October 15, 2008, Vision One filed a complaint in Superior Court against the Cordases and their licensed real estate sales person, Lance Boggs, Orange County Case Number 30-2008 00113311-CU-BC-CJC for fraud and other causes of action. (State Court Fraud Action) Plaintiff, Vision, prosecuted its claims against the Cordases and Boggs.

15. The Cordases and Boggs entered into a written settlement agreement with Plaintiff, Vision, on or about March 18, 2009. In reliance upon the written agreement, representations and promises made by the Cordases and Boggs, Vision dismissed its State Court Fraud Action.

16. The Cordases and Boggs made written representations to Vision in order to induce Vision to dismiss its State Court Action and enter into a written settlement agreement. These representations were set out in the Settlement Agreement as follows:

   a. That the first, second and third Notes and Deeds of Trust concerning Heliotrope are current and that Michael Cordas, Cathy Cordas and Lance Boggs are in compliance with the terms of said Notes and Deeds of Trust and other obligations which are superior to the Heliotrope Promissory Note and Heliotrope Deed of Trust.

   b. That the Heliotrope Deed of Trust is in fourth position, and that the only obligations and/or liens which are superior to the Heliotrope Promissory Note and Deed of Trust are current.

   c. That Michael Cordas, Cathy Cordas and Lance Boggs and each of them, represent that they and each of them will keep current and will not cause or permit any default in connection with any Deed of Trust or encumbrance

COMPLAINT FOR NON-DISCHARGEABILITY AGAINST LANCE BOGGS

4

        which is superior to the Heliotrope Deed of Trust during the term of this Agreement.

17. Each of the written representations made by Michael Cordas, Cathy Cordas and Lance Boggs was false at the time they made such representations and each of them knew they were false at the time they made them. Although defendants conveyed Heliotrope by deed in lieu of foreclosure to Vision, there were multiple liens against the property and defendants were already in substantial default of their obligations under the First and Second trust deeds and promissory notes.

18. At the time defendants Michael Cordas, Cathy Cordas and Lance Boggs made the written representations concerning the financial condition of the Heliotrope property, each of them knew that each of the representations was false. In particular, each of them knew that the Deeds of Trust on Heliotrope were not current; that there were mechanic's liens in favor of Canac Kitchens, in the claimed amount of $50,000 and Ganahl Lumber Co., Inc., in the amount of approximately $20,000, Property taxes in the approximate amount of $15,000, the architect and others.

19. On March 26, 2009, Canac Kitchens, US Ltd., a Canadian corporation, sued Vision One and others in California Superior Court Case No. 30-2009-00120611-CU-BC-CJC for breach of contract arising out of the failure of Cordases and Boggs to pay for materials and labor.

20. Vision conveyed the Heliotrope Property to Zuma Real Estate Services, Inc., which sought protection under Chapter 11. Perkins foreclosed on its $685,000 construction loan, and obtained relief from stay.

21. Michael Cordas filed a Petition for Bankruptcy under Chapter 7 on December 24, 2009.

22. Cathy Cordas filed a Petition for Bankruptcy under Chapter 7 on December 24, 2009.

23. Lance Boggs filed a Petition for Bankruptcy under Chapter 7 on January 12, 2010.

24. The Liability of Michael Cordas, Cathy Cordas and Lance Boggs to Vision is the result of

COMPLAINT FOR NON-DISCHARGEABILITY AGAINST LANCE BOGGS

materially false representations and actual fraud. relied, to their detriment, on Milanowski's material false statements, misrepresentations, and omissions. Therefore, the Liability of Michael Cordas, Cathy Cordas and Lance Boggs to Vision, in an amount to determined, is not and should not be dischargeable under 11 U.S.C. § 523 (a)(2)(A).

25. Vision expressly reserves the right to amend this Complaint to allege additional facts and grounds for non-dischargeability of the debt of Michael Cordas, Cathy Cordas and Lance Boggs to Vision under 11 U.S.C. § 523(a).

## II.

## JURISDICTION AND VENUE

26. The Court has jurisdiction to hear this matter pursuant to 11 U.S.C. § 523. This is an adversary proceeding pursuant to Fed. R. Bankr. P. 7001(6) and a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)(I) and (O).

Venue is proper in this district pursuant to 28 U.S.C. § 1408.

## III.

## PARTIES

27. Plaintiff, Vision One Mortgage, Inc., is a California Corporation with its principal place of business in Newport Beach, California.

28. The loan made to Cathy Cordas was made and funded in Newport Beach, California.

29. Defendants Cathy Cordas and Michael Cordas at all times mentioned herein reside in Newport Coast, County of Orange, California.

30. Defendant Lance Boggs, at all times mentioned herein resides in Corona del Mar, Newport Beach, County of Orange, California.

## IV.

## CAUSES OF ACTION

## FIRST CLAIM FOR RELIEF

COMPLAINT FOR NON-DISCHARGEABILITY AGAINST LANCE BOGGS

6

**11 U.S.C. § 523(a)(2)**

31. Plaintiff re-alleges and fully incorporates the allegations pleaded above.

32. Pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, a discharge does not discharge an individual debtor from any debt for money, property, services, or an extension, renewal, or refinancing of credit to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's financial condition.

33. Plaintiff alleges that each of the debtor defendants made a false representation. In particular, each represented, in writing, that (I) the first and second were current on the Heliotrope Property at the time they executed the Settlement Agreement, and (ii) that there were no liens against the Heliotrope Property at the time they executed the Settlement Agreement.

34. Plaintiff alleges that each of the debtors knew that each of the above misrepresentations was false at the time they executed the Settlement Agreement.

35. Plaintiff alleges that each of the debtors made each of the above representations deliberately and intentionally with the intention and purpose of deceiving the creditor. Plaintiff's reliance on the written representations of defendants was reasonable.

36. Plaintiff sustained loss and damage as a proximate result of the representation having been made.

37. The liability of Michael Cordas, Cathy Cordas and Lance Boggs to Vision arises from transactions, promises and agreements by which they obtained money, property, and credit by false pretenses, false representations, and actual fraud. For the foregoing reasons, the liability of Michael Cordas, Cathy Cordas and Lance Boggs to Vision in an amount to determined, is not dischargeable under 11 U.S.C. § 523 (a)(2)(A).

**PRAYER**

COMPLAINT FOR NON-DISCHARGEABILITY AGAINST LANCE BOGGS

1  WHEREFORE, the plaintiff, Vision One Mortgage, Inc., respectfully requests that the Court enter
2  judgment against Michael Cordas, Cathy Cordas and Lance Boggs and each of them as follows:
3  (a) declaring that Michael Cordas', Cathy Cordas' and Lance Boggs' indebtedness to Vision, in an
4  amount to be determined, is a non-dischargeable debt pursuant to 11 U.S.C. § 523(a)(2)(A);
5  (b) granting a non-dischargeable judgment in favor of the plaintiff, Vision One Mortgage, Inc., in
6  an amount to be determined, including without limitation, pre-judgment and postjudgment interest
7  as provided by law, reasonable attorneys' fees, costs and expenses;
8  and
9  (c) granting to plaintiff Vision One Mortgage, Inc., any other and further relief to which it may be
10  entitled.
11  Dated: April 2, 2010.

LAW OFFICE OF PHILIP A. LEVY
A Professional Corporation

*/s/ Philip A. Levy*
PHILIP A. LEVY

COMPLAINT FOR NON-DISCHARGEABILITY AGAINST LANCE BOGGS

8

FORM B104 (08/07)                                                                          2007 USBC, Central District of California

## ADVERSARY PROCEEDING COVER SHEET
(Instructions on Page 2)

**ADVERSARY PROCEEDING NUMBER**
(Court Use Only)

**PLAINTIFFS**
VISION ONE MORTAGE, INC.

**DEFENDANTS**
LANCE BOGGS

**ATTORNEYS** (Firm Name, Address, and Telephone No.)
LAW OFFICES OF PHILIP A. LEVY
32 TALL HEDGE
IRVINE, CA 92603    TEL: (949) 861-4114

**ATTORNEYS** (If Known)
LAW OFFICES OF KELLY JOHNSON
180 NEWPORT CENTER DRIVE, SUITE 100
NEWPORT BEACH, CA 92660

**PARTY** (Check One Box Only)
☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin
☑ Creditor ☐ Other
☐ Trustee

**PARTY** (Check One Box Only)
☑ Debtor ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor ☐ Other
☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Defendants fraudulently induced Plaintiff to dismiss State Court Fraud claim, obtained settlement by fraud.
U.S.C. section 523(a)(2)(A)

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[1] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

*(continued next column)*

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[2] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☑ Check if this case involves a substantive issue of state law
☐ Check if this is asserted to be a class action under FRCP 23

☑ Check if a jury trial is demanded in complaint
Demand $

Other Relief Sought

FORM B104 (08/07), page 2 — 2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| **NAME OF DEBTOR** <br> LANCE BOGGS ||| **BANKRUPTCY CASE NO.** <br> 8:10-BK-10377 |
| **DISTRICT IN WHICH CASE IS PENDING** <br> CENTRAL || **DIVISIONAL OFFICE** <br> SANTA ANA | **NAME OF JUDGE** |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** ||||
| **PLAINTIFF** <br> VISION ONE MORTAGE, INC. | **DEFENDANT** <br> LANCE BOGGS || **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** <br> CENTRAL || **DIVISIONAL OFFICE** <br> SANTA ANA | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** ||||
| **DATE** <br> 4/2/10 ||| **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> PHILIP A. LEVY, ESQ. |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents**. Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.