Kelly S. Johnson, Esq. (Bar No. 134,520)
LAW OFFICES OF KELLY S. JOHNSON
180 Newport Center Drive, Suite 100
Newport Beach, CA 92660
(949) 729-8014

Attorney for Debtor and
Defendant, Lance Boggs

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re | ) CASE NO. 10-BK-10377-TA |
| | ) |
| LANCE BOGGS, | ) CHAPTER 7 |
| | ) |
| Debtor. | ) MOTION TO DISMISS AND STRIKE |
| | ) COMPLAINT OBJECTING TO DISCHARGE |
| | ) UNDER 11 U.S.C. § 523(a)(2)(A) |
| VISION ONE MORTGAGE, INC., | ) |
| | ) ADV. NO. 10-AP-01176-TA |
| Plaintiff, | ) |
| | ) JUDGE THEODOR C. ALBERT |
| v. | ) COURTROOM 5B |
| | ) |
| LANCE BOGGS, | ) DATE: June 29, 2010 |
| | ) TIME: 11:00 a.m. |
| Defendant. | ) CTRM: 5B |
| | ) |

NOTICE IS HEREBY GIVEN that on June 29, 2010 at 11:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 5B of this U.S. Bankruptcy Court, located at 411 West Fourth Street, Santa Ana, CA, Debtor and Defendant, Lance Boggs, will move to Dismiss and Strike Plaintiff, Vision One Mortgage, Inc.'s Complaint Objecting to Discharge Under 11 U.S.C. § 523(a)(2)(A).

- 1 -
MOTION TO DISMISS AND STRIKE COMPLAINT OBJECTING TO DISCHARGE
UNDER 11 U.S.C. SECTION 523(a)(2)(A)

The Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the entire record in this bankruptcy proceeding, the entire record in the prior State Court action, the entire record in Michael and Cathy Cordas Chapter 7 Bankruptcy proceeding, including a nearly identical Complaint brought against them by the Plaintiff herein, any other appropriate matters that the Court may take judicial notice of, and any further documentary or oral evidence which may be submitted hereinafter or at the hearing of the Motion to Dismiss.

PLEASE TAKE FURTHER NOTICE that pursuant to Local Bankruptcy Rule 9013-1(f), any party in interest who wishes to oppose the Motion must file and serve a written opposition thereto not later than fourteen (14) days before the date designated for hearing.

PLEASE TAKE FURTHER NOTICE that failure to timely file and serve an opposition as set forth above may be deemed to be consent to the relief requested in the Motion.

                            Respectfully Submitted.

                            LAW OFFICES OF KELLY S. JOHNSON

DATED: May 7, 2010                    /S/
                                   KELLY S. JOHNSON,
                                   Attorney for Debtor and
                                   Defendant, Lance Boggs

# I

## INTRODUCTION

The fraud action brought by Vision One Mortgage is based on a March 18, 2009 settlement document relating to a property located at 421 Heliotrope Avenue, Corona Del Mar, CA. Philip A. Levy, attorney for the Plaintiff, was the attorney consulted by Lloyd Rucker of Vision One Mortgage, Lance Boggs and the Cordas. He participated in the settlement conferences, consulted with each party, and then drafted the settlement document. For this work, he was paid $2,000 (Bank of America check #355) by Lance Boggs on March 18, 2009. It is a violation of professional ethics for Levy to represent one of the parties in this case.

# II

## DEFENDANT'S MOTION TO DISMISS SHOULD BE GRANTED
## BASED ON THE PROVISIONS OF FRCP RULE 12(b)(6)

Defendant, Lance Boggs, Motion to Dismiss Plaintiff's Complaint should be granted based on the applicable provisions of Rule 12(b)(6) of the Federal Rules of Civil Procedure and legal authorities which have interpreted the same as more fully set forth hereinbelow. Moreover, it is important to note that Plaintiff's Complaint does not contain any allegations and the Plaintiff is unable to allege or prove that the Defendant herein received any "money, property, services, or an extension, renewal or refinancing of credit" from the Plaintiff herein. In the past, courts held that a dismissal is warranted only where "it appears beyond doubt that the Plaintiff can prove no set of facts, which would entitle him [or her] to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

The Supreme Court recently rejected that formulation in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and held that in order to survive a motion to dismiss for failure to state a claim a complaint must set forth "enough facts to state a claim for relief that is plausible on its face." <u>Id</u>., 127 S.Ct. at 1974. Therefore, to resolve a motion to dismiss, the court must accept as true all factual allegations in the complaint, construe the record in favor of plaintiff, and decide whether, as matter of law, plaintiff could prove no set of facts which would entitle him to relief. <u>Parker v. Wakelin</u>, D.Me. 1995, 882 F.Supp. 1131. Accordingly, the court's function on a motion to dismiss is not to weigh evidence which might be presented at trial, but merely to determine whether the complaint itself is legally sufficient. <u>Duncan v. Santaniello</u>, D.Mass. 1995, 900 F.Supp. 547. Much the same, in considering a motion to dismiss, the court must assume the truth of factual allegations of the complaint and liberally construe them in favor of plaintiff. <u>Nicastro v. Clinton</u>, D.D.C.1995, 558 F.Supp. 1128, affirmed 84 F.3d 1446.

In the present case, the Complaint does <u>not</u> set forth "enough facts to state a claim for relief that is plausible on its face". To the contrary, the facts alleged confirm that there is no basis for claims against the Debtor and Defendant. Similarly, assuming the truth of factual allegations of the complaint and liberally construing them in favor of plaintiff, the Complaint still fails to set forth any credible or proper claims. Therefore, the Plaintiff has failed to state a claim upon which relief can be granted as more fully set forth herein contrary to the requirements of <u>Rule</u> 12(b)b(6). Thus, the Court

should grant the Debtor/Defendant's Motion to Dismiss under Rule 12(b) since it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations in the Complaint, even reading the facts alleged in the complaint in the light most favorable to Plaintiff, and accepting those allegations as true.

## III

## DEFENDANT'S MOTION TO STRIKE SHOULD BE GRANTED BASED ON THE PROVISIONS OF FRCP RULE 12(F)

Federal Rules of Civil Procedure, Rule 12(f), which relates to Motions to Strike, provides in pertinent part as follows:

"The court may **strike** from a pleading an insufficient defense or **any redundant, immaterial, impertinent, or scandalous matter**. The court may act:

(1) on its own; or

(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading." Therefore, Rule 12(f) of the Federal Rules of Civil Procedure, expressly provides that the "Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." **The Court may also use FRCP 12(f) to strike prayers for relief where the damages or other relief sought are not recoverable as a matter of law.** See Arcilla v. Adida Promotional Retail Operations, Inc., 488 F.Supp.2d 965, 96h 8 (C.D. Cal. 2007).

Also, Rule 7012 of the Federal Rules of Bankruptcy Procedure ("FRBP 7012") states FRCP 12(f) applies in adversary proceedings. Much the same, Rule 12(g), provides that "[a] motion under this rule may be joined with any other motion allowed by this rule". Therefore, based on the applicable law and facts, as well as the unique circumstances herein, Plaintiff's Complaint should be both dismissed and stricken as is just and appropriate in this case.

A motion to strike avoids "the expenditure of time and money that will arise from litigating 'spurious issues' by eliminating those issues prior to trial." Taylor v. Quall, 471 F.Supp.2d 1053, 1058-1059 (C.D. Cal. 2007). In considering a motion to strike, courts generally apply the same test used to determine a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). Like motions to dismiss for failure to state a claim, the basis for the motion to strike must appear on the face of the pleading or from matters which the court may take judicial notice. Montecino v. Spherion Corp.,427 F.Supp.2d 965, 967 (C.D. Cal. 2006); SEC v. Sands, 902 F.Supp. 1149, 1165 (C.D. Cal. 1995). Notably, the courts have the authority to strike.

With relation thereto, the face of the Complaint herein reveals a litany of irrelevant recitations relating to the persons who actually incurred the underlying debt and received the requisite **"money, property, services, or an extension, renewal or refinancing of credit"** from Plaintiff to the extent **"obtained by false pretenses, a false representation or actual fraud"**. Specifically, the subject Complaint alleges as follows:

"2. On or about October 29, 2007, Michael and Cathy Cordas made a Promissory Note in favor of Vision for a $200,000.00 bridge loan secured by deeds of trust on a residential property located at 421 Heliotrope, Corona Del Mar, owned by Cathy Cordas,…

4. On or about November 9, 2007, **Cathy Cordas received the sum of $200,000.00 from Vision One** and **Cathy Cordas executed a promissory note evidencing the debt and promise to repay**, and a deed of trust against the Heliotrope property in favor of Vision One as security for the debt.

5. Cathy Cordas provided Vision with a Uniform Residential Loan Application in which she intentionally misstated material facts in order to induce Vision to make the bridge loan.

6. Michael Cordas made a Uniform Residential Loan Application to Vision in which Mr. Cordas represented the following material facts were true:

- 7 -
MOTION TO DISMISS AND STRIKE COMPLAINT OBJECTING TO DISCHARGE
UNDER 11 U.S.C. SECTION 523(a)(2)(A)

24. The Liability of Michael Cordas, Cathy Cordas and Lance Boggs to Vision is the result of materially false representations and actual fraud, relied, to their detriment, on Milanowski's material false statements, misrepresentations, and omissions. Therefore, the Liability of Michael Cordas, Cathy Cordas and Lance Boggs to Vision, in an amount to determined, is not and should not be dischargeable under 11 U.S.C. §523(a)(2)(A).

25. Vision expressly reserves the right to amend this Complaint to allege additional facts and grounds for non-dischargeability of the debt of Michael Cordas, Cathy Cordas and Lance Boggs to Vision under 11 U.S.C. § 523(a).

32. Pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, a discharge does not discharge an individual debtor from any debt for money, property, services, or an extension, renewal, or refinancing of credit to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's financial condition.

37. The liability of Michael Cordas, Cathy Cordas and Lance Boggs to Vision arises from transactions, promises and agreements by which they **obtained money, property, and credit** by false pretenses, false representations, and actual fraud. For the foregoing reasons, the liability of Michael Cordas, Cathy Cordas and Lance Boggs to Vision in an amount to determined, is not dischargeable under 11 U.S.C. §523(a)(2)(A).

Prayer for Relief

(a) declaring that Michael Cordas', Cathy Cordas' and Lance Boggs' indebtedness to Vision, in an amount to be determined, is a non-dischargeable debt pursuant to 11 U.S.C. § 523(a)(2)(A).

However, the Plaintiff's allegations and claims are contrary to the requirements of Bankruptcy Code § 523(a). With regard thereto, Bankruptcy Code § 523(a), which relates to exceptions to discharge, provides in pertinent part that:

"(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt ---

(2) **for money, property, services, or an extension, renewal, or refinancing of credit**, to the extent obtained by-

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition";

Based thereon, it is also important to note that there is no basis for a claim for nondischargeability per Section 523. Much the same, there is no valid basis for the Plaintiff to amend their Complaint to allege any other claims under Section 523(a). Moreover, it is readily apparent that the instant action has been brought for improper purposes and in a misplaced attempt to proceed with a State Court action and claims that are inappropriate in this Chapter 7 Bankruptcy proceeding. In addition, the Defendant may also be bringing a Motion to Recuse

the Plaintiff's counsel, Philip A. Levy, who was compensated by and represented Defendant, Lance Boggs, in negotiating the initial Settlement Agreement in the prior State Court action. Nonetheless, the Plaintiff has initiated this action in order to attempt to wrongfully burden the Debtor/Defendant with litigation costs based on an improper claim, especially considering that **the Defendant herein did <u>not</u> receive any "money, property, services, or an extension, renewal or refinancing of credit"** and Plaintiff is fully aware of this fact per the allegations in the Plaintiff's Complaint on file herein.

## IV

### THERE IS NO PROPER BASIS FOR PLAINTIFFS' [UNFOUNDED] CLAIMS BASED ON THE ALLEGATIONS CONTAINED IN PLAINTIFFS' COMPLAINT

The plaintiff's case is based on the fact that Mr. Boggs, as the Cordas' real estate agent, knew the Cordas' personal financial information, what they owed, and to whom. However, that assumption is erroneous. As a real estate agent, Mr. Boggs does not delve into his client's personal finances. Rather, Mr. Boggs had no knowledge of what was owed or what financial information was provided to their lenders. Moreover, Mr. Boggs did not participate in securing any of the loans securing for any of the properties covered in the Vision One action.

Overall, Mr. Boggs was <u>not</u> responsible in any way for loan repayment and no promise of repayment or collateral was made by Mr. Boggs. In addition, Mr. Boggs had no knowledge that any statements on settlement document were false. Much the same,

Mr. Boggs had no knowledge of the status of mortgages or mechanics liens. Therefore, Mr. Boggs was not responsible for the debts owed and he had no knowledge of their status. Also, he did not purchase the property and he did not even represent Mr. and Mrs. Cordas when the property was purchased. The fact remains that Mr. Boggs obtained no money, property, or credit from the Plaintiff and they have not made any allegation with relation thereto as more fully set forth in Section III above.

V

**THERE IS NO PROPER LEGAL BASIS FOR PLAINTIFFS' ALLEGED CLAIMS**

**A. The Claims should be Dismissed as is Appropriate**

In evaluating a motion to dismiss, the court may consider documents or information in defendant's motion papers if plaintiff has knowledge or possession of material and relied on it in framing complaint. Fowlkes v. Rodriguez, E.D.N.Y. 2008, 584 F.Supp.2d 561. In addition, a District Court may take judicial notice of public records, such as documents filed with the Secretary of State and **judicial rulings**, and consider them on a motion to dismiss. Shirley Medical Clinic, P.C. v. U.S., S.D.Iowa 2006, 446 F.Supp.2d 1028, affirmed 243 Fed.Appx. 191. Public records can also be taken into consideration when deciding motion to dismiss, without converting motion to one for summary judgment. See Fowlkes v. Rodriguez, Supra. Factual challenges are not permitted in a motion to dismiss for failure to state a claim, and the trial court may only consider acts

alleged in the complaint, any documents attached as exhibits thereto, and matters subject to judicial notice in weighing merits of the motion. <u>Carswell v. Air Line Pilots Ass'n Intern.</u>, D.D.C. 2008, 540 F.Supp.2d 107.

However, in determining whether a complaint fails to state a claim upon which relief may be granted, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. <u>Sieverding v. American Bar Ass'n</u>, D.D.C. 2006, 439 F.Supp.2d 111. Similarly, while a court may not grant a motion to dismiss for failure to state a claim based on disbelief of a complaint's factual allegations, the court need not accept as true legal conclusions or unwarranted factual inferences. <u>Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans. LLC</u>, E.D.Tenn. 2006, 438 F.Supp.2d 869, affirmed in part, reversed in part and remanded 484 F.3d 865. In addition, to resolve a motion to dismiss for failure to state a claim, <u>a court may properly look at public records, **including judicial proceedings**</u>, in addition to the allegations in the complaint. <u>Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.</u>, C.A.3 (Pa.) 2006, 458 F.3d 244, cert. denied 127 S.Ct. 1878. Accordingly, the Court should dismiss the pending claims as they are unfounded, contrary to applicable law, the Court should carefully scrutinize the other pending Complaint against the persons (ie. Michael and Cathy Cordas),

- 12 -

MOTION TO DISMISS AND STRIKE COMPLAINT OBJECTING TO DISCHARGE
UNDER 11 U.S.C. SECTION 523(a)(2)(A)

Case 8:10-ap-01176-TA    Doc 5    Filed 06/28/10    Entered 06/28/10 14:03:24    Desc
Main Document    Page 13 of 19

who actually received "money, property, services, or an extension, renewal or refinancing of credit" from the Plaintiff herein as more fully set forth in the Complaints on file in the Bankruptcy Court and also the Plaintiff's prior State Court action. See also Defendant's Request for Judicial Notice submitted herein. Moreover, the Plaintiff should also be judicially estopped from making any claims or allegations contrary to the allegations contained in the two Bankruptcy Complaints and the State Court Complaint against Mr. Boggs as well as Mr. and Mrs. Cordas.

**B. The Claims should be Stricken as is Appropriate**

A Motion to strike allegations of a complaint will not be granted, unless matters are prejudicial as well as redundant, immaterial, impertinent, or scandalous. <u>Salomon S.A. v. Alpina Sports Corp.</u>, D.N.H. 1990, 737 F.Supp. 720. Similarly, a Motion to strike will be granted only where the answering pleader is prejudiced by presence of offending matter. <u>Rosen v. Texas Co.</u>, S.D.N.Y. 1958, 161 F.Supp. 55. Allegations supplying background or historical material or other matter of evidentiary nature will not be stricken unless unduly prejudicial to defendant. <u>LeDuc v. Kentucky Cent. Life Ins. Co.</u>, N.D.Cal. 1992, 814 F.Supp. 820. Immaterial allegations should also be stricken if their presence in complaint prejudices defendant. <u>Kent v. AVCO Corp.</u>, D.Conn. 1992, 815 F.Supp. 67. Thus, before a motion to

MOTION TO DISMISS AND STRIKE COMPLAINT OBJECTING TO DISCHARGE
UNDER 11 U.S.C. SECTION 523(a)(2)(A)

strike will be granted, allegations must be both immaterial and prejudicial. Hare v. Family Publications Service, Inc., D.C.Md. 1972, 342 F.Supp. 678. Therefore, the entire Complaint should be stricken in the interests of justice as is just and proper.

Furthermore, a party to an action is entitled to have stricken irrelevant matters which are prejudicial to him. Cox v. E. I. Du Pont de Nemours & Co., W.D.S.C. 1965, 38 F.R.D. 8. A court will usually deny a motion to strike unless the allegations have no possible relation to the controversy and may cause prejudice to a party. Sunlight Saunas, Inc. v. Sundance Sauna, Inc., D.Kan. 2006, 427 F.Supp.2d 1022. Much the same, a Federal Court has power to strike from pleadings as immaterial matter having no value in developing issues of case. Oaks v. City of Fairhope, Alabama, S.D.Ala. 1981, 515 F.Supp. 1004. Given purpose of rule allowing court to order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter, court may strike matter from pleading on its own initiative where doing so advances progress of litigation. Federal Nat. Mortg. Ass'n v. Cobb, N.D.Ind. 1990, 738 F.Supp. 1220.

Ordinarily, an entire pleading should not be stricken, but only those portions, if any, which are objectionable. Battle v. National City Bank of Cleveland, N.D.Ohio 1973, 364 F.Supp. 416. However, **an entire pleading may be stricken where all of it is**

immaterial, redundant or in gross violation of this rule. Gleason v. Chain Service Restaurant, S.D.N.Y. 1969, 300 F.Supp. 1241, affirmed 422 F.2d 342. In addition, Subd. (f) of this rule does not use the word "sham", but provides for the striking out where the matter complained of is "redundant, immaterial, impertinent or scandalous". National Millwork Corporation v. Preferred Mut. Fire Ins. Co. of Chenango County, E.D.N.Y. 1939, 28 F.Supp. 952. **Sham pleading is one good in form but false in fact.** International Tel. & Tel. Corp. v. United Tel. Co. of Florida, M.D.Fla. 1973, 60 F.R.D. 177. A pleading should be stricken, such as here, when it appears beyond peradventure that it is **sham** and **false** and that its **allegations are devoid of factual basis**. Murchison v. Kirby, S.D.N.Y. 1961, 27 F.R.D. 14.

Although motions to strike on grounds of insufficiency, immateriality, irrelevancy, and redundancy are often considered "time wasters", courts will grant those motions where allegations have no possible relation to controversy and may cause prejudice to one of parties. Williams v. Eckerd Family Youth Alternative, M.D.Fla. 1995, 908 F.Supp. 908. "Redundant" matter, which is subject to being stricken, consists of allegations that constitute needless repetition of other averments or which are foreign to issue to be decided. Wilkerson v. Butler, E.D.Cal. 2005, 229 F.R.D. 166. Redundant and immaterial matters should be stricken on motion. Reed v.

The Arkansas, S.D.Cal. 1950, 88 F.Supp. 993. "Immaterial matter" within the meaning of rule permitting court to order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. Van Slyke v. Capital One Bank, N.D.Cal. 2007, 503 F.Supp.2d 1353. "Immaterial matter", for purposes of motion to strike, is that which has no essential or important relationship to the claim for relief or the defenses being pleaded, while "impertinent matter" consists of statements that do not pertain, and are not necessary, to the issues in question. Cairns v. Franklin Mint Co., C.D.Cal. 1998, 24 F.Supp.2d 1013. Thus, matters which have no bearing on a controversy, which are irrelevant or immaterial, are properly subject to a motion to strike from the pleadings. Salem Engineering Co. v. National Supply Co., W.D.Pa. 1948, 75 F.Supp. 993.

For purpose of motion to strike, a "scandalous pleading" must reflect cruelly on defendant's moral character, use repulsive language or detract from the dignity of the court. Skadegaard v. Farrell, D.C.N.J. 1984, 578 F.Supp. 1209. Even relevant portions of complaint may be stricken where they are scandalous and are set out in needless detail. Gleason v. Chain Service Restaurant. Supra. Much the same, "scandalous" matter,

which is subject to being stricken, <u>improperly casts derogatory light on someone</u>, usually a party. Wilkerson v. Butler, Supra. Based on the foregoing, there are numerous basis for dismissing and/or striking the objectionable Complaint on file herein.

## VI

### CONCLUSION

Based on the entire record herein including the applicable law and facts, Plaintiff's Complaint is not in compliance with the requirements of either FRCP 12(b)(6) or FRCP 12(f). Furthermore, Plaintiff's Complaint is not adequately pled and fails to state a claim upon which relief can be granted. Similarly, the Complaint is replete with redundant, immaterial, impertinent and scandalous claims that do not belong in this Court, all the while Mr. Boggs is unfairly prejudiced by such misplaced and inappropriate claims. Therefore, Defendant's Motion to Dismiss Plaintiff's Complaint should be granted, along with the corresponding Motion to Strike, especially considering the equities involved herein. Finally, if the Court is not inclined to grant Defendant's request for relief in it's entirety by dismissing and striking the entire Complaint, the Plaintiff should be required to amend the Complaint, as is proper, and strike out all objectionable and improper portions. There is also less drastic relief available in terms of a more definite statement, which the Plaintiff may possibly provide in accordance with Federal Rule of Civil Procedure Rule 12(e).

1  However, based on the lack of validity of the purported claims and
2  the bad-faith motives with relation thereto, it would <u>not</u> be an
3  abuse of discretion to grant Defendant's Motions without leave to
4  amend based on the facts and totality of the circumstances herein.
5
6                           Respectfully Submitted.
7                           LAW OFFICES OF KELLY S. JOHNSON
8
9
10 DATED: May 7, 2010              _____/S/_____
11                                 KELLY S. JOHNSON,
12                                 Attorney for Debtor and
                                   Defendant, Lance Boggs

**PROOF OF SERVICE BY MAIL**
(1013A, 2015.5, C.C.P.)
STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the county aforesaid; I am over the age of eighteen years and not a party to the within action; my business address is 180 Newport Center Drive, Suite 100, Newport Beach, CA 92660.

On May 7, 2010 I served the foregoing document described as **MOTION TO DISMISS AND STRIKE COMPLAINT OBJECTING TO DISCHARGE UNDER 11 U.S.C. SECTION 523(a)(2)(A)** on interested parties in said action by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail at Newport Beach, California, addressed as follows:

Philip A. Levy, Esq.
LAW OFFICES OF PHILIP A. LEVY
32 Tall Hedge
Irvine, CA 92603

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 7, 2010 at Newport Beach, California.

__X__   (STATE)

____    (FEDERAL)

_____/S/_____
VY NGUYEN